Mr. Justice Thachee
delivered the opinion of the court.
This was writ of error to Attala county .circuit court.
The record in this case does not appear to us to present its merits, as they are urged upon our notice by the counsel for , the plaintiff in error. We can look only at the judgment of the court below, which does not seem to relate back, as the record is shaped, to the various papers preceding the judgment. The writ of error was sued out to reverse the judgment quashing a forthcoming bond as to its principal. The bond is not made a part of the record,-nor does it appear at what term the bond was forfeited, or for what reason it was quashed. A . judgment is a conclusion óf law upon ascertained facts. We .can only judge of the propriety of the conclusion from an inspection of the facts. We must presume, under these confined means of judging, jhat the court below did not err.
We would remark, in connexion with this case, that if it grows out of the same proceedings whereon a judgment was had in this court at the July term, 1843, entitled Joseph Conn v. Solomon S. Pender, that there can be but little difficulty in reaching the plaintiff’s rights. That was a case where the court below quashed a forfeited forthcoming bond as to its principal, and not as to it§ security at a term subsequent to its return. This courtjdetelared such judgment to be void. As a necessary consequencé of such judgment being void, an execution can issue upon the judgment of the forfeited forthcoming bond. The opinion of this court in the case cited, would be a sufficient guide to the court below, in pronouncing upon the validity of such execution, if called in question.
Although there is nothing in^this record by which we can reverse the judgment, yet, if, as we are inclined to believe, from the facts in the case of Conn v. Pender, this was in fact, an instance of the quashing a forthcoming bond at a term subsequent to its return, then there is nothing in that proceeding, or *540 in the affirmance, which, from the deficiency of the record, we are compelled to make in this court, that can preclude the plaintiff from pursuing his judgment upon the forthcoming bond. If a judgment be in truth void, its affirmance here from purely technical causes, cannot cure the radical error.

¡Judgment affirmed.